FILED
United States Court of Appeals
Tenth Circuit

October 27, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HOWARD BERTRAND BRIDGES, JR.,

　　　Plaintiff - Appellant,

　　v.

WES LANE, Oklahoma DA, Oklahoma
County; COUNTY OF OKLAHOMA; FBI
OKLAHOMA CITY, Unknown Agent #1
Personal Capacity; FBI OKLAHOMA
CITY, Unknown Agent #2 Personal
Capacity; FBI OKLAHOMA CITY, Director
Personal Capacity; ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA;
STATE OF OKLAHOMA,

　　　Defendants- Appellees.

No. 09-6111
(D. Ct. No. 5:08-CV-00759-HE)
(W.D. Okla. )

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-appellant Howard Bertrand Bridges, Jr. brings this pro se appeal to challenge the dismissal of his civil complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. We have jurisdiction under 28 U.S.C. § 1291 and agree with the district court that Mr. Bridges failed to state a plausible claim on each of the causes of action raised in his complaint and failed to provide fair notice to the defendants of the charges against them. Accordingly, we AFFIRM.

## I. BACKGROUND

This civil suit arises out of Mr. Bridges's arrest for attempted bank robbery on July 28, 2006 and his subsequent detention in an Oklahoma jail. Mr. Bridges claims that after two days of his image appearing in television broadcasts that labeled him a bank robber, the FBI searched his home, seized some of his clothing, and interrogated him. After this interrogation, Mr. Bridges claims he was confined in the Oklahoma County jail for twenty days without being informed whether he was in local, state, or federal custody, without being formally charged, and without being granted access to legal counsel. On the third day of his confinement, however, Mr. Bridges appeared by video conference before a state judge who informed him he was being held for attempted bank robbery but that formal charges had not yet been filed against him. On the twentieth day of his confinement, Mr. Bridges claims he was released, without ever being formally charged, only because the Oklahoma NAACP intervened on his behalf by contacting the district attorney, a defendant in this case, Wes Lane.

Mr. Bridges filed his initial civil complaint on July 22, 2008 in which he raised

multiple state and federal law claims against various local, state, and federal officers and entities. On September 10, 2008, the district court granted a motion by Mr. Bridges to amend his initial complaint. On October 3, 2008, Mr. Bridges filed his first amended complaint which the district court dismissed pursuant to separate motions from the various defendants claiming insufficient service of process, lack of jurisdiction, and failure to state a claim upon which relief may be granted. Nevertheless, the district court granted Mr. Bridges leave to amend his complaint a second time.

Mr. Bridges filed his second amended complaint on January 7, 2009, but before the district court could rule on defendants' separate motions to dismiss, Mr. Bridges again sought leave to amend which the district court granted on January 23, 2009. In its order granting leave to amend, the district court specifically directed Mr. Bridges to address the deficiencies in his prior complaints which included failures to link specific alleged constitutional violations to specific defendants and failures to plead adequate facts to support his various state law claims. Furthermore, in granting leave to amend for the third time, the district court implored Mr. Bridges to obtain counsel to assist him in drafting a valid complaint.

Mr. Bridges did not secure counsel. He filed his final amended complaint, the complaint that is the subject of this appeal, on February 17, 2009. This complaint generally alleges eleven state and federal causes of action against seven local, state, and federal officers and entities. Finding that this complaint was substantially the same as his prior inadequate complaints, the district court again dismissed it, but this time with

prejudice.  Specifically, the district court determined that this complaint failed again to link specific alleged violations to specific defendants in a manner that would give them notice and generally failed to provide factual allegations that created plausible claims for relief.  Mr. Bridges now appeals the dismissal of his final amended complaint.

## II.  DISCUSSION

On appeal, Mr. Bridges alleges only two claims of error: (1) that his complaint raised a federal question; and (2) that the district judge violated his right to due process by rejecting his requests for discovery.  Giving Mr. Bridges, a pro se appellant, the benefit of the doubt and construing his first claim liberally, we will review his final amended complaint in its entirety to determine if it states any legally cognizable claims.  Because we ultimately find that the district court properly dismissed his complaint, Mr. Bridges's argument that the district court erred by not ordering discovery is moot and we will not address it.

A.      Standard of Review

We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), applying the same legal standard to the complaint as the district court.  *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).  In doing so, we accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.  *Id*.  Furthermore, we construe pro se complaints liberally, but are mindful that it is not the proper function of a court to "assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   The burden is on the plaintiff to craft an

adequate complaint that contains enough factual allegations to state facially plausible claims for relief and provide fair notice to defendants of the nature of the claims against them. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). We are especially critical of complaints that do not articulate specific times, places, or persons involved in the alleged misconduct because such complaints give "defendant[s] seeking to respond to plaintiffs' conclusory allegations . . . little idea where to begin." *Id.* at 1248 (quotations omitted).

B.      Mr. Bridges's Complaint Fails to State Any Plausible Claim for Relief and Fails to Provide Fair Notice to Defendants

As discussed above, Mr. Bridges's final amended complaint contains eleven state and federal causes of action against seven local, state, and federal officers and entities. These claims can reasonably be separated into two categories: (1) claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); and (2) state law tort claims.

Generally, § 1983 provides a federal cause of action against state officials who violate an individual's federally protected rights, either under the Constitution or federal statutes. *See* 42 U.S.C. § 1983. The Supreme Court recognized a similar cause of action against federal officials in *Bivens*. 403 U.S. at 409. In § 1983 and *Bivens* cases against individual government actors, there is a peculiar risk that the complaint will fail to provide adequate notice because such cases typically involve complex claims against multiple defendants. *See Robbins*, 519 F.3d at 1249–50 (discussing the increased risk that

a complaint will fail to provide notice in complex § 1983 cases). In such cases, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Id.* at 1250 (emphasis omitted).

Mr. Bridges's complaint, when construed liberally, contains four possible claims that implicate his federally protected rights: (1) a speedy trial claim under the Sixth Amendment or the federal Speedy Trial Act based on his confinement for twenty days without being charged; (2) an unreasonable seizure claim under the Fourth Amendment based on his arrest without evidence to support it; (3) a right to counsel claim under the Fifth and Sixth Amendments based on his lack of access to an attorney during his confinement; and (4) various due process claims based on alleged governmental conspiracies, racial biases, and failures to follow procedures required by law.

None of these possible claims is articulated with the specificity required to state a plausible claim for relief or provide fair notice to the defendants. Indeed, as the district court recognized, Mr. Bridges "fail[ed] to isolate the allegedly unconstitutional acts of each defendant" and thus failed to provide adequate notice of the charges against them. *Robbins*, 519 F.3d at 1250. For example, Mr. Bridges alleges he was incarcerated for twenty days without being charged but admits he does not know whether he was in local, state, or federal custody. Additionally, Mr. Bridges claims to have been unreasonably seized but admits he does not know what entity actually arrested him. Accordingly, we agree with the district court that Mr. Bridges's complaint does not adequately state any

- 6 -

claim for relief under § 1983 or *Bivens*.

Similarly, Mr. Bridges's complaint fails to adequately plead any claims under state tort laws. While his complaint generally alludes to claims of defamation, false imprisonment, and intentional infliction of emotional distress, none of these claims are supported with sufficient factual allegations to create a plausible claim for relief or provide fair notice to defendants. For example, Mr. Bridges claims that his reputation has been injured irreparably, however, he fails to link that damage to any specific defamatory statement by any specific defendant. Accordingly, we agree with the district court's conclusion that Mr. Bridges's complaint fails to articulate any state law claims with the specificity required to state a plausible claim for relief or provide fair notice to the defendants.

Keeping in mind our duty to construe Mr. Bridges's claims liberally, we find that his complaint fails to adequately state any claim under § 1983, *Bivens*, or state tort law, and point out the repeated opportunities Mr. Bridges had to secure counsel or craft an adequate complaint addressing the deficiencies in his prior complaints of which the district court clearly made him aware. Complaints, like Mr. Bridges's, that make general legal claims without specific factual support, even when filed by pro se litigants, do not state plausible claims for relief or provide fair notice to defendants and are therefore subject to dismissal.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM.


ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge